## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ISRAEL CARL ISBELL, | ) | CASE NO.  4:17-cv-00076 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| | ) | |
| STEVE MERLAK, Warden, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

Pro se plaintiff Israel Carl Isbell ("Plaintiff" or "Isbell") is a federal prisoner who was convicted of receiving child pornography on a computer.  Pursuant to policies of Defendants Federal Correctional Institution—Elkton ("FCI-Elkton") and the Federal Bureau of Prisons ("BOP"), his conviction resulted in Isbell being designated "Computer No" and thus ineligible for employment by Defendant Federal Prison Industries, Inc. ("FPI" or "UNICOR").[1]  Isbell's Complaint, filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleges that all Defendants[2] violated various constitutional rights in their enforcement of BOP policies as to him, including by denying him a UNICOR job.  Doc 1.

Defendants have filed a Motion to Dismiss (Doc. 27), which has been referred to the undersigned for report and recommendation (Doc. 12).  Defendants argue that Isbell's Complaint fails to state claims upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and/or that Plaintiff failed to exhaust administrative remedies for his grievances as

---

[1] "UNICOR" is the trade name for Federal Prisons Industries, a Government corporation which seeks to prepare inmates for reentry into society by providing them with job skills. 28 C.F.R. § 345.11(a); BOP Program Statement 8120.03, Definitions.

[2] The Defendants also include Steve Merlak ("Merlak"), the Warden of FCI-Elkton and "John Doe" BOP employees.  Defendants are referred to collectively herein as the "United States" or "Defendants."

required by 42 U.S.C. § 1997e(a). Doc. 27.

The undersigned recommends that the Court GRANT Defendant's Motion to Dismiss. As explained below, Isbell admits that he failed to exhaust his administrative remedies with respect to all claims except his UNICOR claim. Accordingly, the admittedly unexhausted claims should be dismissed without prejudice. His UNICOR claim should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## I.    Background[3]

In Spring of 2015, while incarcerated at Federal Correctional Institution-Elkton, Isbell was denied a job in the FPI (UNICOR) factory. Doc. 1, ¶ 13. Isbell had been convicted of receipt of child pornography on a computer under 18 U.S.C. § 2252A (a)(2)(A) and (b)(1). Doc. 1 ¶ 32; Doc 1-2, p. 10. Inmates convicted of computer crimes may be designated "COMPUTER NO"[4] in SENTRY, the BOP's inmate database. Doc. 1-8, p. 2. BOP policies do not permit inmates designated "COMPUTER NO" to work at UNICOR. Doc. 1-3, p. 3.

On May 26, 2015, Isbell filed an Informal Resolution Form requesting reconsideration for employment. Doc. 1-5, p. 2. The Factory Manager denied the request, noting that the "UNICOR hiring process was explained to [inmate] Isbell that if his PSI states that he had a computer crime on it I was unable to hire him per policy Elk 1237.13L(restricted)." Doc. 1-5, p. 2. Isbell filed a formal request for administrative remedy on June 21, 2015, and an appeal to the regional office on August 17, 2015, both of which were denied on similar grounds. Doc. 1-5,

---

[3] These background facts are taken from the Complaint and attached Exhibits. When ruling on a motion to dismiss, the court "must accept as true all the factual allegations contained in the complaint." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)). Per Fed. Rule Civ. Pro. 10(c), "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

[4] Spelled "COMPUTR NO" in the policy. Doc. 1-5, p. 2.

pp. 3-5; Doc. 27-2, pp. 19-24.[5]  The parties have provided no documentation of further appeals.
In July 2016, Isbell sent requests to various staff members at FCI-Elkton, including Warden
Steve Merlak, requesting reconsideration for a job at UNICOR and removal of the
"COMPUTER NO" designation.  Doc. 1-3, pp. 7-9; Doc. 40-3  Staff denied his request because
institutional policies still prohibited inmates convicted of computer crimes to work in UNICOR.
Doc. 1-3, pp. 7-9.  Isbell also requested transfer to a Federal Prison Camp on July 11, 2016.
Doc. 1-4. p. 2.  Prison staff made it clear that he could not be housed in a prison camp with the
Public Safety Factor of "Sex Offender" on his record.  *Id.*  In November 2016, Isbell applied to
UNICOR again, this time requesting a janitorial position.  Doc. 1-3, p. 10.  Once again, he was
told that he could not work in UNICOR at FCI-Elkton because of his "COMPUTER NO"
designation.  Doc. 1-3, p. 10.

## II.    Plaintiff's Complaint and Defendants' Motion to Dismiss

### A.  Plaintiff's Complaint

A *pro se* plaintiff's complaint is to be liberally construed.  *Haines v. Kerner*, 404 U.S.
519, 520-521 (1972).  Nevertheless, a *pro se* plaintiff is not exempt from complying with
minimum pleading standards.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v.
City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  Courts are not required to "ferret out the
strongest cause of action on behalf of *pro se* litigants."  *Young Bok Song v. Gipson*, 423 Fed.
App'x 506, 510 (6th Cir. 2011).  Such a requirement would be unduly burdensome and
"transform the courts from neutral arbiters of disputes into advocates for a particular party."  *Id.*

Isbell brings his Complaint against the Defendants "for damages and request for

---

[5] Documents attached to a Motion to Dismiss may be considered when ruling on a 12(b)(6) motion if they are
referenced in the complaint and central to plaintiff's claims.  *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F.
Supp. 2d 914, 924–25 (N.D. Ohio 2009).  Defendants attached documentation of Plaintiff's requests for
administrative remedies in addition to that provided by Plaintiff with his Complaint.  Doc. 27-2, pp. 14-24.

permanent injunction for arbitrary and capricious enforcement of policy contrary to the Fifth and Eighth Amendments pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388." Doc. 1, p. 1. *See* Doc. 1 ¶ 16 (quoting 42 U.S.C. § 1983 and citing *Bivens*); Doc. 1-9 (stating that complaint was filed "in accord to *Bivens*"). Isbell lists one count for "Arbitrary and capricious enforcement of 'AWA' [Adam Walsh Act]," Doc. 1, p. 3, but makes several complaints, referencing various case law, statutes, and policies without specifically alleging how they were violated. *See e.g.* Doc. 1, p. 1 (asserting the unconstitutionality of enforcing a "residual clause" in the Adam Walsh Act under *Johnson v. United States*, 135 S.Ct. 2551 (2015)); Doc. 1 ¶ 8 (alleging a violation of the Equal Employment Opportunity Act without citing relevant portions of the Act).

Liberally construing the Complaint, Isbell appears to allege the following: Defendants violated the Fifth and Eighth Amendments by arbitrarily and capriciously restricting his computer access and/or denying him employment with UNICOR, Doc. 1, ¶¶ 11, 13, 21, 24-26, 31; BOP employees violated the Fifth and Eighth Amendments when they applied various BOP classifications to Isbell, subjecting him to violence and discrimination by inmates and staff, including the denial of his request to transfer to a prison camp, Doc. 1, ¶¶ 14, 17, 19-20, 23-24, 26-28, 32; and the BOP designated him with a "crime of violence," prejudicing him and subjecting him to "'arbitrary and capricious' punishment" in violation of the Fifth and Eighth Amendments and the Privacy Act. Doc. 1, ¶ 12; Doc. 1, ¶¶ 13, 28, 30.

**B. Defendants' Motion to Dismiss**

In their Motion to Dismiss, Defendants argue that Isbell has failed to state a claim because he has not exhausted his administrative remedies and/or because his Complaint fails to state a claim upon which relief can be granted. Doc. 27. Plaintiff filed a Memorandum in

Opposition to Defendants Motion on November 27, 2017 in which he did not contest Defendants' characterization of his claims.  Doc 40.  In addition, Plaintiff concedes that he failed to exhaust the administrative remedies for all of his claims except for his demand to be given a UNICOR job.[6]  Doc. 40, pp. 1-2.  On December 12, 2017 Defendants filed a reply brief in support of the Motion to Dismiss which reiterated their arguments.  Doc. 41.

### III.    Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*).  The factual allegations of a pleading must be enough to raise a right to relief above the speculative level.  *Twombly*, 550 U.S. at 555.  The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation."  *Id*.  "Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*.  (internal quotation marks omitted).

In ruling on a motion to dismiss, a court may consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referenced in the complaint and are central to the plaintiff's allegations; (3) public records; and (4) matters of which the court may take judicial notice.  *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F.Supp.2d 914, 924–25 (N.D. Ohio 2009).  *See also Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

---

[6] Plaintiff seeks dismissal without prejudice of his unexhausted claims.

## IV.     Law and Analysis

### A.  Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies before bringing lawsuits regarding prison conditions.  42 U.S.C. § 1997e(a).  *See also Jones v. Bock*, 549 U.S. 199, 211 (2007); *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222-26 (6th Cir. 2011).  The pertinent Administrative Remedy Procedure for a complaint by a federal prisoner can be found in 28 C.F.R. §§ 542.10-542.19.  Failure to exhaust administrative remedies is an affirmative defense and need not be pled in the complaint.  *Jones*, 549 U.S. at 216; *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (citing *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (stating that non-exhaustion is an affirmative defense and the burden of proof falls on defendants)).  The requirement to exhaust claims applies to *Bivens* claims.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

### 1.  Isbell Admits He Did Not Exhaust Most of His Claims

In his complaint, Isbell claims that various BOP classifications applied to him due to his conviction for receipt of child pornography on a computer subjected him to violence and discrimination by other inmates and staff at FCI-Elkton, Doc. 1, ¶¶ 14, 17, 19-20, 23-24, 26-27, and led BOP employees to deny his request to transfer to a prison camp.  Doc. 1, ¶ 32.  He also asserts that "the designation of a 'crime of violence' has prejudiced [him] and 'created' a class of persons subject to 'arbitrary and capricious' punishment" in violation of the Fifth and Eighth Amendments and the Privacy Act.  Doc. 1, ¶ 12-13, 28.  In opposing Defendants' Motion to Dismiss, Plaintiff expounds on his discrimination claims, alleging that other inmates treat him differently based on his sex offender status and that Warden Merlak has done nothing to stop that behavior.  Doc. 40, pp. 5-8.  However, Isbell admits that he never attempted to exhaust any

grievances except his grievance with respect to the denial of his application for a UNICOR job. Doc. 40, pp. 1-2 ("But with regard to the 'myriad other [sic] allegations in his Complaint . . .' (ECF. No. 27 at Page ID#265) (i.e., crime of violence, Prison Camp, etc., etc.) [Isbell] concedes he had NEVER raised those issues in an Administrative Remedy.") (alterations in original). Therefore, the undersigned recommends that Isbell's unexhausted claims be dismissed without prejudice for failure to exhaust. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 512 (6th Cir. 2001) (dismissing certain claims without prejudice due to plaintiff's failure to exhaust his administrative remedies); *Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th Cir. 1999) (dismissing plaintiff's unexhausted claims without prejudice).

## 2. UNICOR Claim

In their 12(b)(6) Motion to Dismiss, Defendants allege that Plaintiff has failed to exhaust administrative remedies with respect to his UNICOR claim regarding denial of employment in UNICOR and therefore his suit is barred. Doc. 27, p. 5. 28 C.F.R. §§ 542.10-542.19 explains the established Administrative Remedy Procedure inmates must follow before bringing a lawsuit concerning prison conditions. 42 U.S.C. § 1997e(a). First, the inmate must address the issue informally with staff. 28 C.F.R. § 542.13. If unsatisfied with informal resolution, the inmate may submit a Formal Administrative Remedy Request. *Id*. § 542.14(a). The inmate may appeal any adverse decision to BOP's Regional Director and then to BOP's General Counsel using the appropriate forms and meeting the relevant deadlines. *Id*. § 542.15(a).

It is undisputed that Isbell filed his Informal Resolution Form, a Formal Administrative Remedy, and an appeal to the Regional Director. Doc. 1-5; Doc. 27-1, p. 3. However, the parties disagree as to whether Isbell completed the Administrative Remedy Procedure by filing an appeal with BOP's General Counsel. Doc. 27-1, p. 3; Doc. 40, p. 1. Both parties attach

affidavits and exhibits on the exhaustion issue to their memoranda in support of and in opposition to the Motion to Dismiss.  Those attachments suggest a potential question of fact that is inappropriate to resolve on a motion to dismiss.  Also, it is unnecessary for the Court to address the exhaustion issue with respect to the UNICOR claim because, as discussed below, even if Isbell had fully exhausted the issue, his Complaint should be dismissed under Rule 12(b)(6).[7]

### B. *Bivens*  Claims (UNICOR Employment)

In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, the Supreme Court held that a victim of a constitutional violation by a federal official has the right to recover damages against the official in federal court despite the absence of any statute conferring such a right.  403 U.S. 388, 396–97(1971); *Yeager v. Gen. Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001) (A *Bivens* action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors).  In a *Bivens* action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Despite the numerous allegations in Isbell's complaint, as discussed below, he fails to state a claim under *Bivens* because he does not allege individual actions by any government officials, nor does he show that, if properly exhausted, his UNICOR grievance constituted a constitutional violation.  Further, as discussed below, he fails to state a *Bivens* claim against the federal agency defendants.

### 1.  Claims against federal agencies

To the extent that Plaintiff has asserted constitutional claims under *Bivens* against FCI-

---

[7]Failure to exhaust administrative remedies under the PLRA is not a jurisdictional bar to suit.  *Robinson v. Fed. Bureau of Prisons*, 2010 U.S. Dist. LEXIS 13863 *7 (6th Cir. Feb. 18, 2010); *see also Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999) (quoting *Tucker v. McAninch*, 1998 U.S. App. LEXIS 20563 *3 (6th Cir. Aug. 13, 1998) ("While the provisions of § 1997e(a) are mandatory, the statute does not deprive the district court of subject matter jurisdiction, but merely directs dismissal of a complaint for lack of exhaustion")).

Elkton, BOP, and FPI ("federal agency defendants"), such claims should be dismissed. "The doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has expressly consented to suit." *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). A federal agency, as an extension of the federal government, has the same sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475-76 (1994). In *Meyer*, the Supreme Court declined to extend the application of *Bivens* to federal agencies. *Id.*, at 484-86. *See also Salt Lick Bancorp v. FDIC*, 187 F. App'x 428, 435 (6th Cir. 2006) (holding in part that a *Bivens* action cannot be brought against a federal agency); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (holding that *Bivens* claims may not be brought against the United States). Plaintiff improperly requests an injunction against the federal agency defendants under *Bivens*. However, as discussed below, even if properly filed, a suit for injunctive relief against these defendants would fail because Plaintiff has not stated a claim upon which relief may be granted. Furthermore, the theory of respondeat superior does not apply because *Bivens* requires proof of a federal official's personal involvement, which Isbell has failed to allege. *Iqbal*, 556 U.S. at 676. Based on the foregoing, the Court should dismiss Plaintiff's *Bivens* action against the federal agency defendants.

## 2. Claims against prison officials

As indicated above, a *Bivens* action must allege that an individual federal official took personal action to deprive the plaintiff of his constitutional rights. *Iqbal*, 556 U.S. at 676. *See also Webb v. United States*, 789 F.3d 647, 664 (6th Cir. 2015) (granting qualified immunity to defendants when plaintiff failed to allege they personally violated his constitutional rights); *Conner v. United States*, 2010 U.S. Dist. LEXIS 42347 *4 (N.D. Ohio Apr. 30, 2010) (holding that plaintiff must clearly show defendant was personally involved in alleged unconstitutional

behavior). Further, as discussed below, while Isbell has generally alleged that BOP employees deprived him of constitutional rights, he does not allege personal actions by any specific official and does not show the violation of any constitutionally protected right. Thus, the Court should dismiss Plaintiff's *Bivens* action against Defendant Merlak and the John Doe defendants for failure to state a claim upon which relief can be granted.

### a. Isbell's complaint does not allege that any prison officials personally violated his constitutional rights.

#### John Doe Defendants

Even though Isbell brought suit against "John Doe" BOP employees, he fails to allege that any employee *personally* took action against him. Even if he had, Isbell has not complied with Federal Rule of Civil Procedure requirements regarding service of process. "John Doe" pleadings are permitted in certain circumstances, but the parties must be identified and served with process. *See Smith v. City of Euclid*, 2012 U.S. Dist. LEXIS 89658 *8 (N.D. Ohio, June 28, 2012) (citing *In re Air Crash at Lexington, KY.*, *August 27, 2006*, 2008 U.S. Dist. LEXIS 5992 *2 (E.D. Ky. Jan. 25, 2008)). Pursuant to Fed. R. Civ. P. 4(m), Plaintiff had 90 days from the January 17, 2017, filing of this case to name the "John Doe" BOP employees or agents and serve them with process. Plaintiff's own Complaint admits that he simply chose not to identify certain "John Does" by their "Christian names" to protect their privacy. Doc. 1 ¶ 23. Since Isbell has chosen not to identify the "John Does" and serve them with process in the time provided by the Federal Rules the undersigned recommends that the claims against the "John Doe" defendants be dismissed with prejudice.

#### Defendant Steven Merlak

The only BOP employee Isbell names is Steve Merlak, the Warden of FCI-Elkton. Aside from the caption, the Complaint only mentions Merlak by name once. Doc. 1, ¶ 4 (identifying

Steven Merlak as the acting warden for FCI-Elkton). Isbell generally claims that "all BOP employees" and specifically FCI-Elkton employees discriminated "against an artificial class of persons." Doc. 1, ¶ 23. He also claims BOP employees deprived him of his Eighth and Fifth Amendment rights by designating him "COMPUTER NO" and denying him employment in UNICOR. Doc. 1, ¶¶ 10-11, 13, 19, 24, 26. However, nowhere in the Complaint does Isbell allege that Merlak deprived him of constitutional rights "through [Merlak's] own individual actions." *Iqbal*, 556 U.S. at 676. Accordingly, for these reasons, the undersigned recommends that the claims against Merlak be dismissed with prejudice.

**b. Isbell fails to state a claim for violation of a constitutional right.**

Isbell alleges that denying him a UNICOR job violates the Eighth Amendment's prohibition of cruel and unusual punishment and/or denies him equal protection and due process under the Fifth Amendment. Doc. 1, ¶¶ 10, 20-21, 24-26. The basis for both constitutional claims is that BOP employees denied him a prison job. However, inmates do not have a constitutional right to a prison job. For instance, in *Crum v. Bureau of Prisons*, an inmate claimed that prison officials inappropriately applied their policies to him in violation of the Fifth Amendment when they denied him a UNICOR job. 2009 WL 1470472 *7 (S.D.W. Va. May 22, 2009) (adopting Proposed Findings and Recommendation). The court held that his claim was meritless because the denial of privileges is part of a prisoner's sentence and inmates have no liberty or property interest in a prison job. *Id*. (citing *inter alia Woodworth v. United States*, 44 Fed. App'x 112 (9th Cir. 2002) (stating that prisoners do not have a liberty or property interest in a prison job); *Grayson v. Fed. Prison Indus. Factory*, 1995 U.S. App. LEXIS 41686 *4 (5th Cir. Oct. 12, 1995) (finding that prisoners are not entitled to work in a UNICOR program and have no liberty or property interest in a prison job)). *See also Davidson v. Fed. Bureau of Prisons*,

2017 U.S. App. LEXIS 24272 * 7 (6th Cir. Nov. 29, 2017) (holding that inmates do not have a property right in a prison job or wages); *Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006) ("[A] prisoner does not have a constitutional right to prison employment or a particular prison job"); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49-50 (5th Cir. 1995) (concluding that termination or denial of UNICOR employment does not impose an atypical and significant hardship on prisoners); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (finding no property interest in a certain prison job when two inmates expected reappointment based on prison custom).  Like the inmate in *Crum*, Isbell has no protected interest in a UNICOR job and therefore his constitutional claims based on having been denied such a job are meritless. Considering the foregoing and for the reasons discussed more fully below, the undersigned recommends that the Court find that Plaintiff has failed to state a claim for relief based on the Fifth or Eighth Amendment.

### *Fifth Amendment Claims*

Construing his complaint liberally, Isbell appears to assert a violation of equal protection and due process under the Fifth Amendment based on the denial of a UNICOR job.  He contends that the BOP policy prohibiting certain inmates from working at UNICOR has no "rational basis as it applies to him" and that BOP employees "arbitrarily and capriciously" denied him employment based on BOP classifications such as "COMPUTER NO."  Doc. 1, ¶¶ 14, 21, 24, 27-32; Doc. 40, p. 4.  He alleges that he is treated differently than other prisoners convicted of computer crimes based on his status as a "sex offender."  Doc. 1, ¶ 20-21; Doc. 40, p. 8.  Isbell appears to contend that his crime was not violent and that he should therefore be exempt from BOP policies regulating computer use.  Doc. 1, ¶ 21 ("not allowing some offenders . . . without a crime of violence and only receipt or possession of child pornography to work in 'FPI' at

'Elkton' violates 'Equal Protection of the Law' as enforced against this plaintiff"). However, BOP Program Statement 1237.16 states that "inmates . . . who use computers in the commission of their crimes are prohibited from work assignments involving computers and *may* be given the SENTRY CMA assignment 'COMPUTER NO.'" Doc. 1-8 (emphasis supplied). The policy says nothing about violent crimes and leaves the decision to designate an inmate "COMPUTER NO" in the hands of prison officials.

To plead a violation of due process or equal protection under the Fifth Amendment, Isbell must "assert the existence of a constitutionally protected property or liberty interest." *Martin v. O'Brien*, 207 Fed. Appx. 587, 598 (6th Cir. 2006).[8] Substantive due process only applies to infringements of a "fundamental right." *Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 499 (6th Cir. 2007). Fundamental rights include "the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, and to abortion." *Id*. at 499-500 (citing *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997)). Inmates do not have a fundamental right to a job. *See Whitington v. Moschetti*, 423 F. App'x 767, * 2 (10th Cir. May 9, 2011); *Taylor v. Brown*, 9 F.3d 109, *1 (6th Cir. Oct. 18, 1993). Isbell bases his claim on not receiving a job, therefore, he fails to state a substantive due process claim. Also, any claims that officials treated him "arbitrarily and capriciously" are baseless since he has failed to identify a fundamental right. *Martin*, 207 Fed. App'x at 589 (explaining that the substantive due process component of the Due Process Clause bars "arbitrary and capricious" government action, but first there must exist a constitutionally

---

[8] The Due Process Clause protects both substantive and procedural due process rights. Isbell does not state which type of claim he is bringing, but his claim is without merit under either approach. To state a procedural due process claim, Isbell must show that the government (or an individual official) has deprived him of a protected liberty or property interest previously recognized by law without notice and a meaningful opportunity to be heard. *Doe v. DeWine*, 2017 U.S. Dist. LEXIS 11294 *21-22 (S.D. Ohio July 20, 2017). Isbell has no constitutional right to a prison job, therefore the deprivation of that job is not subject to due process requirements. He also does not claim that he was deprived of notice or an opportunity to be heard.

protected property or liberty interest) (citing *inter alia Zinerman v. Burch*, 494 U.S. 113, 125 (1990); *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1217 (6th Cir. 1992)).

      Isbell attempts to strengthen his Fifth Amendment claim by asserting that BOP employees violated his equal protection rights by applying policies to him differently than to other "similarly situated persons" based on his status as a sex offender.  Doc. 1, ¶ 24; Doc. 40, p. 8.  However, "sex offender" is not a suspect class.  *Tipton v. Mohr*, 2012 U.S. Dist. LEXIS 41378 *12 (S.D. Ohio Mar. 27, 2012) (citing *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999).  *See Mich. Dep't of State Police*, 490 F.3d at 502-03.  *See also United States v. LeMay*, 260 F.3d 1018, 1031 (9th Cir. 2011) (stating that sex offenders are not a suspect class); *Bell v. Woods*, F.App'x 391, 392 (5th Cir. 2010) (holding that inmates convicted of a sex offense is not a suspect class).

      Policies or statutes that do not infringe on a fundamental right or target a suspect class must pass a rational basis review.  *Tipton*, 2012 U.S. Dist. LEXIS 41378 at *8 (Where . . . no suspect class or fundamental right is implicated, governmental action subject to . . . must be sustained if any conceivable basis rationally supports it) (internal citations omitted).  Rational basis review asks whether the statute (or policy) in question relates to a legitimate government interest.  *Mich. Dep't of State Police*, 490 F.3d at 501.  Courts have repeatedly held that policies restricting inmates' (and particularly sex offenders') computer access have a penological justification.  *Bell*, 382 F.App'x at 392 (holding that inmate's equal protection rights were not violated in part because State had a rational basis to restrict sex offenders' computer access); *Skinner v. Bolden*, 89 F.Appx. 579, 580 (6th Cir. 2004) (holding that restrictions on inmate's computer access reasonably related to a legitimate penological interest); *Russell v. Bailey*, 2011 U.S. Dist. LEXIS 38066 *17-18 (S.D. Ohio Mar. 15, 2011) (finding inmates have no First

Amendment right to use a computer).

Isbell contends that since UNICOR computers do not allow inmates to access the internet and he is permitted to utilize the prison's "public messaging" system, prohibiting him from working in UNICOR and using UNICOR computers "has no real rational basis as applied to this Plaintiff."  Doc. 40, p. 4; *see also* Doc. 1, ¶ 31.  However, "prison officials . . . are accorded wide latitude in the adoption and application of prison policies and procedures."  *Edington v. Warden of FCI Elkton*, 2015 WL 1843240 *3-4 (N.D. Ohio April 22, 2015) (finding that a prison's restrictions on computer access were reasonably related to legitimate penological objectives even though the program in question was structured in a manner to limit an inmate's internet access); *Karacsonyi v. Radloff*, 885 F. Supp. 368, 370 (N.D.N.Y. 1995) (finding that prison officials have broad discretion in denying inmates participation in UNICOR programs); *see also Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991).  The BOP gives its officials the discretion to designate some inmates convicted of computer crimes "COMPUTER NO."  *See* Doc. 1-8 (BOP Program Statement 1237.16).  Since the denial of Isbell's application for a UNICOR job directly relates to his computer restrictions, and he had no right to the job in the first place, it does not violate due process or equal protection to classify him "COMPUTER NO" as a sex offender or prohibit him from working at UNICOR.  This is so, even if, as Isbell claims, inmates convicted of non-sexual computer crimes are permitted to work there, Doc. 40, p. 8, because his Complaint does not allege "facts to suggest that all of their relevant circumstances are the same."  *Edington*, 2015 WL 1843240 at *4 (finding plaintiff failed to state a claim for denial of equal protection).

In his Opposition to the Motion to Dismiss Isbell expounds on his Complaint and alleges that because his name appears on a posted listing of inmates designated "COMPUTER NO" he meets the "stigma-plus test" and has been deprived of a liberty interest.  Doc. 40, p. 4.  However,

Isbell errs in his understanding of "stigma-plus." He cites *Paul v. Davis*, 424 U.S. 693 (1976) to support the proposition that he falls under the "stigma-plus test." *Paul* actually held that damage caused to a person's reputation by the government is not in itself a deprivation of any liberty or property interest. *Doe v. DeWine*, 2017 U.S. Dist. LEXIS 112949 *23 (S.D. Ohio July 20, 2017) (citing *Paul*, 424 U.S. at 712). Rather, "procedural due process protections are triggered only when 'the stigma of damage to a reputation is coupled with another interest[,]' such as the loss of certain employment rights . . . ." *Id*. at *24 (quoting *Cutshall*, 193 F.3d at 479). As explained above, Isbell has no property interest in a UNICOR job, so no interest was damaged other than his reputation. Therefore, he does not meet the stigma-plus test.

Based on the foregoing, Isbell's claims that denying him a UNICOR job and designating him a sex offender and/or "COMPUTER NO" violated his Fifth Amendment rights should be dismissed with prejudice as to all defendants for failure to state a claim.

### Eighth Amendment Claim

Isbell also has not stated a claim for violations of his Eighth Amendment rights. "Cruel and unusual punishment" is that which involves "the unnecessary and wanton infliction of pain," or that is "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)). Prison officials cannot be found liable under the Eighth Amendment unless they know of and disregard "an *excessive risk to inmate health or safety*." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (emphasis supplied). Neither restricting computer access nor denying employment constitutes an "excessive risk to inmate health and safety," or a "wanton infliction of pain." Additionally, a prison need only provide the "minimal civilized measure of life's necessities" and employment does not meet that standard. *Rhodes*, 452 U.S. at 347.

16

Considering the foregoing, Isbell's claim that denying him a UNICOR job violates his Eighth Amendment rights should be dismissed with prejudice as to all defendants for failure to state a claim.

### 3. Qualified Immunity

Defendants move to dismiss based on Merlak's entitlement to qualified immunity. Doc. 27, p. 9. A government official is entitled to the defense of qualified immunity when the plaintiff fails to show the official violated a clearly established constitutionally protected right. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir. 2011). As discussed *supra*, Isbell fails to state a claim that Merlak's actions violated his clearly established constitutional rights. Therefore, Merlak is entitled to qualified immunity.

### IV. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the Court GRANT Defendants' Motion to Dismiss (Doc. 27). The undersigned recommends that the Court DISMISS WITHOUT PREJUDICE the claims which Isbell concedes are unexhausted and DISMISS WITH PREJUDICE his claim that he was unconstitutionally denied a UNICOR job.


Dated: June 25, 2018                    */s/ Kathleen B. Burke*
                                        Kathleen B. Burke
                                        United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981); see also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

17